## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA

Fill in this information to identify your case:

| | | | | |
|---|---|---|---|---|
| Debtor 1 | **Harvey Eugene Taylor, Jr.** | | | |
| | First Name | Middle Name | Last Name | |
| Debtor 2 | | | | ☑ Check if this is an amended plan. |
| (Spouse, if filing) | First Name | Middle Name | Last Name | |
| Case number | **19-11300** | | | |
| (If known) | | | | |

# Chapter 13 Plan and Motion

[Pursuant to Fed. R. Bankr. P. 3015.1, the Southern District of Georgia General Order 2017-3 adopts this form in lieu of the Official Form 113].

1. **Notices.** Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as not being contained in the plan or if neither or both boxes are checked, the provision will be ineffective if set out in the plan.

   (a) This plan: ☑ contains nonstandard provisions. See paragraph 15 below.
   ☐ does not contain nonstandard provisions.

   (b) This plan: ☑ values the claim(s) that secures collateral. See paragraph 4(f) below.
   ☐ does not value claim(s) that secures collateral.

   (c) This plan: ☑ seeks to avoid a lien or security interest. See paragraph 8 below.
   ☐ does not seek to avoid a lien or security interest.

2. **Plan Payments.**

   (a) The Debtor(s) shall pay to the Chapter 13 Trustee (the "Trustee") the sum of $**1,090.00** for the applicable commitment period of:

   ☑ 60 months: **or**

   ☐ a minimum of 36 months. See 11 U.S.C. § 1325(b)(4).

   (If applicable include the following: These plan payments will change to $_____ monthly on _____.)

   (b) The payments under paragraph 2(a) shall be paid:

   ☑ Pursuant to a Notice to Commence Wage Withholding, the Debtor(s) request(s) that the Trustee serve such Notice(s) upon the Debtor's(s') employer(s) as soon as practicable after the filing of this plan. Such Notice(s) shall direct the Debtor's(s') employer(s) to withhold and remit to the Trustee a dollar amount that corresponds to the following percentages of the monthly plan payment:

   ☑ Debtor 1 **100**%   ☐ Debtor 2 ____%

   ☐ Direct to the Trustee for the following reason(s):
   ☐ The Debtor(s) receive(s) income solely from self-employment, Social Security, government assistance, or retirement.
   ☐ The Debtor(s) assert(s) that wage withholding is not feasible for the following reason(s):
   _____

   (c) Additional Payments of $**0** (estimated amount) will be made on ____,__ (anticipated date) from (source, including income tax refunds).

3. **Long-Term Debt Payments.**

   (a) **Maintenance of Current Installment Payments.** The Debtor(s) will make monthly payments in the manner specified as follows on the following long-term debts pursuant to 11 U.S.C. § 1322(b)(5). These postpetition payments will be disbursed by either the Trustee or directly by the Debtor(s), as specified below. Postpetition payments are to be applied to postpetition amounts owed for principal, interest, authorized postpetition late charges and escrow, if applicable. Conduit payments that are to be made by the Trustee which

| Debtor | Harvey Eugene Taylor, Jr. | | Case number | 19-11300 |
|---|---|---|---|---|

become due after the filing of the petition but before the month of the first payment designated here will be added to the prepetition arrearage claim.

| CREDITOR | COLLATERAL | PRINCIPAL RESIDENCE (Y/N) | PAYMENTS TO MADE BY (TRUSTEE OR DEBTOR(S)) | MONTH OF FIRST POSTPETITION PAYMENT TO CREDITOR | INITIAL MONTHLY PAYMENT |
|---|---|---|---|---|---|
| Rushmore Loan Mgmt Srvc | 190 Walnut Street Waynesboro, GA 30830 | Yes | Debtor | November 2019 | $1,117.41 |

(b) **Cure of Arrearage on Long-Term Debt.** Pursuant to 11 U.S.C. § 1322(b)(5), prepetition arrearage claims will be paid in full through disbursements by the Trustee, with interest (if any) at the rate stated below. Prepetition arrearage payments are to be applied to prepetition amounts owed as evidenced by the allowed claim.

| CREDITOR | DESCRIPTION OF COLLATERAL | PRINCIPAL RESIDENCE (Y/N) | ESTIMATED AMOUNT OF ARREARAGE | INTEREST RATE ON ARREARAGE (if applicable) |
|---|---|---|---|---|
| Rushmore Loan Mgmt Srvc | 190 Walnut Street Waynesboro, GA 30830 | Yes | $9,994.00 | 0.00% |

4. **Treatment of Claims.** From the payments received, the Trustee shall make disbursements as follows unless designated otherwise:

(a) **Trustee's Fees**. The Trustee percentage fee as set by the United States Trustee.

(b) **Attorney's Fees.** Attorney's fees allowed pursuant to 11 U.S.C. § 507(a)(2) of $**3,500.00**.

(c) **Priority Claims.** Other 11 U.S.C. § 507 claims, unless provided for otherwise in the plan will be paid in full over the life of the plan as funds become available in the order specified by law.

(d) **Fully Secured Allowed Claims.** All allowed claims that are fully secured shall be paid through the plan as set forth below.

| CREDITOR | DESCRIPTION OF COLLATERAL | ESTIMATED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| **-NONE-** | | | | |

(e) **Secured Claims Excluded from 11 U.S.C. § 506 (those claims subject to the hanging paragraph of 11 U.S.C. § 1325(a)).** The claims listed below were either: (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor(s), or (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value. These claims will be paid in full under the plan with interest at the rate stated below:

| CREDITOR | DESCRIPTION OF COLLATERAL | ESTIMATED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| **-NONE-** | | | | |

(f) **Valuation of Secured Claims to Which 11 U.S.C. § 506 is Applicable.** The Debtor(s) move(s) to value the claims partially secured by collateral pursuant to 11 U.S.C. § 506 and provide payment in satisfaction of those claims as set forth below. The unsecured portion of any bifurcated claims set forth below will be paid pursuant to paragraph 4(h) below. The plan shall be served on all affected creditors in compliance with Fed. R. Bankr. P. 3012(b), and the Debtor(s) shall attach a certificate of service.

| CREDITOR | DESCRIPTION OF COLLATERAL | VALUATION OF SECURED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| **Snap On Crdt** | Tools | $500.00 | 4.00% | $9.21 |
| **SRP Federal Credit Union** | Dodge Ram | $8,500.00 | 4.00% | $156.54 |
| **RTO Holdings** | Storage Unit | $500.00 | 4.00% | $9.21 |

(g) **Special Treatment of Unsecured Claims.** The following unsecured allowed claims are classified to be paid at 100%

☐ with interest at _____% per annum; **or** ☐ without interest:

**None**

GASB - Form 113 December 1, 2017

| Debtor | Harvey Eugene Taylor, Jr. | Case number | 19-11300 |
|---|---|---|---|

(h) **General Unsecured Claims.** Allowed general unsecured claims, including the unsecured portion of any bifurcated claims provided for in paragraph 4(f) or paragraph 9 of this plan, will be paid a **0.00**% dividend or a pro rata share of $**35,421.13**, whichever is greater.

5. **Executory Contracts**.
   (a) **Maintenance of Current Installment Payments or Rejection of Executory Contract(s) and/or Unexpired Lease(s).**

| CREDITOR | DESCRIPTION OF PROPERTY/SERVICES AND CONTRACT | ASSUMED/REJECTED | MONTHLY PAYMENT | DISBURSED BY TRUSTEE OR DEBTORS |
|---|---|---|---|---|
| **-NONE-** | | | | |

   (b) **Treatment of Arrearages.** Prepetition arrearage claims will be paid in full through disbursements by the Trustee.

| CREDITOR | ESTIMATED ARREARAGE |
|---|---|
| **-NONE-** | |

6. **Adequate Protection Payments.** The Debtor(s) will make pre-confirmation lease and adequate protection payments pursuant to 11 U.S.C. § 1326(a)(1) on allowed claims of the following creditors: ☐ Direct to the Creditor; **or** ☐ To the Trustee

| CREDITOR | ADEQUATE PROTECTION OR LEASE PAYMENT AMOUNT |
|---|---|
| **-NONE-** | |

7. **Domestic Support Obligations.** The Debtor(s) will pay all postpetition domestic support obligations direct to the holder of such claim identified here. See 11 U.S.C. § 101(14A). The Trustee will provide the statutory notice of 11 U.S.C. § 1302(d) to the following claimant(s):

| CLAIMANT | ADDRESS |
|---|---|
| **-NONE-** | |

8. **Lien Avoidance.** Pursuant to 11 U.S.C. § 522(f), the Debtor(s) move(s) to avoid the lien(s) or security interest(s) of the following creditor(s), upon confirmation but subject to 11 U.S.C. § 349, with respect to the property described below. The plan shall be served on all affected creditor(s) in compliance with Fed. R. Bankr. P. 4003(d), and the Debtor(s) shall attach a certificate of service.

| CREDITOR | LIEN IDENTIFICATION (if known) | PROPERTY |
|---|---|---|
| **Capital One Bank** | | **All collateral** |

9. **Surrender of Collateral.** The following collateral is surrendered to the creditor to satisfy the secured claim to the extent shown below upon confirmation of the plan. The Debtor(s) request(s) that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under 11 U.S.C. § 1301 be terminated in all respects. Any allowed deficiency balance resulting from a creditor's disposition of the collateral will be treated as an unsecured claim in paragraph 4(h) of this plan if the creditor amends its previously-filed, timely claim within 180 days from entry of the order confirming this plan or by such additional time as the creditor may be granted upon motion filed within that 180-day period.

| CREDITOR | DESCRIPTION OF COLLATERAL | AMOUNT OF CLAIM SATISFIED |
|---|---|---|
| **-NONE-** | | |

10. **Retention of Liens.** Holders of allowed secured claims shall retain the liens securing said claims to the full extent provided by 11 U.S.C § 1325(a)(5).

11. **Amounts of Claims and Claim Objections.** The amount, and secured or unsecured status, of claims disclosed in this plan are based upon the best estimate and belief of the Debtor(s). An allowed proof of claim will supersede those estimated claims. In accordance with the Bankruptcy Code and Federal Rules of Bankruptcy Procedure objections to claims may be filed before or after confirmation.

12. **Payment Increases.** The Debtor(s) will increase payments in the amount necessary to fund allowed claims as this plan proposes, after notice from the Trustee and a hearing if necessary, unless a plan modification is approved.

13. **Federal Rule of Bankruptcy Procedure 3002.1.** The Trustee shall not pay any fees, expenses, or charges disclosed by a creditor pursuant to Fed. R. Bankr. P. 3002.1(c) unless the Debtor's(s') plan is modified after the filing of the notice to provide for payment of such fees, expenses, or charges.

| | | | |
|---|---|---|---|
| Debtor | **Harvey Eugene Taylor, Jr.** | Case number | **19-11300** |

14. **Service of Plan.** Pursuant to Fed. R. Bankr. P. 3015(d) and General Order 2017-3, the Debtor(s) shall serve the Chapter 13 plan on the Trustee and all creditors when the plan is filed with the court, and file a certificate of service accordingly. If the Debtor(s) seek(s) to limit the amount of a secured claim based on valuation of collateral (paragraph 4(f) above), seek(s) to avoid a security interest or lien (paragraph 8 above), or seek(s) to initiate a contested matter, the Debtor(s) must serve the plan on the affected creditors pursuant to Fed. R. Bankr. P. 7004. See Fed. R. Bankr. P. 3012(b), 4003(d), and 9014.

15. **Nonstandard Provisions.** Under Fed. R. Bankr. P. 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise in this local plan form or deviating from it. Nonstandard provisions set out elsewhere in this plan are void.

    (a) All secured claims to be paid 4.00% interest, unless otherwise stated herein.

    (b) Debtor(s) shall turnover to the Chapter 13 Trustee any nonexempt proceeds resulting from any cause of action listed on Schedule A/B, to be distributed as an additional dividend to unsecured creditors.

    (c) Authorization is hereby given to Debtor's (Debtors') mortgagee(s) to initiate verbal and written contact with Debtor(s) for the purpose of reviewing any and all mortgage accounts for eligibility to participate in loss mitigation options, and negotiating a final agreement of any such option, during the pendency of this case, including but not limited to a loan modification, a short sale, and a deed in lieu. This authorization shall be valid until it is revoked in writing, the dismissal or closing of the Chapter 13 bankruptcy, or approval of any such final agreement by the Office of the Chapter 13 Trustee or the United States Bankruptcy Court.

    (d) Provided there is no demand by Debtor's (Debtors') mortgagee(s) for payment of any pre-petition debt, Debtor(s) shall not consider it to be a violation of the automatic stay for said mortgagee(s) to send regular monthly mortgage account statements, coupon books, notice of payment and/or escrow changes, or other such notices as said mortgagee(s) may send in the normal course of business with respect to any post-petition payments and/or obligations of Debtor(s). Debtor's (Debtors') mortgagee(s) shall allow Debtor(s) to pay all post-petition mortgage payments by check, electronic funds transfers (EFTs), telephonic payments, money orders, Western Union, or any other manner acceptable to said mortgagee(s).

    (e) Upon completion of all payments and/or granting of a discharge in this case, all secured creditors that were paid through the plan, excluding any long-term debt paid pursuant to Paragraph 3 hereof, shall promptly release all collateral held as security on loans, and shall promptly release and/or satisfy all security deeds, security agreements, UCC filings, judgment liens, titles, and/or any other lien or claim of any kind against property of Debtor(s). This paragraph shall not apply to any secured debt that is not paid through Debtor's (Debtors') Chapter 13 Plan.

    (f) The October 2019 mortgage payment to Rushmore Loan Mgmt Srvc to be treated as part of the pre-petition mortgage arrearage.

**By signing below, I certify the foregoing plan contains no nonstandard provisions other than those set out in paragraph 15.**

| | | |
|---|---|---|
| Dated: | **November 7, 2019** | **/s/ Harvey Eugene Taylor, Jr.** |
| | | **Harvey Eugene Taylor, Jr.** |
| | | *Debtor 1* |
| | | |
| | | *Debtor 2* |
| | | **/s/ Kathryn Brow Aho** |
| | | **Kathryn Brow Aho** |
| | | *Attorney for the Debtor(s)* |